FILED
2005 SEP -6 PM 3:40

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

ANTHONY HUDSON and )
FROSTY K. HUDSON )
    )
    )
    Plaintiffs, )
    )
v. ) CIVIL ACTION NO.:
    )
MANN-BRACKEN, LLC, a corporation ) CV-05-CO-1878-W
and JOHN DOWNS a/k/a "ASSET )
INVESTIGATOR DOWNS" )
    )
    Defendants. )

## COMPLAINT

COME NOW the Plaintiffs, Anthony Hudson and Frosty K. Hudson, and assert the following claims for relief against the Defendants, Mann-Bracken, LLC and John Downs a/k/a "Asset Investigator Downs".

### Introduction

1.  This is an action brought by the Plaintiffs seeking actual and statutory damages, attorneys' fees and costs for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA") and compensatory and punitive damages for the Defendants' violations of Alabama Common Law set forth hereinafter.

2.  In addition to monetary damages, Plaintiffs further seek a declaratory judgment for violations of the Communication Act of 1934, 47 U.S.C. §223 and in violation of the regulations of the Federal Communications Commission (hereinafter "FCC") and the tariff regulations filed with the FCC pursuant to 47 U.S.C. §203 (under the Declaratory Judgment Act with regard to the use of interstate telephone companies and tariff regulations that have been implemented

and have been violated.

3. Plaintiffs seek a declaratory judgment adjudicating the activities of Defendant Mann-Bracken (hereinafter referred to as "Defendant Bracken") in violation of the regulations of the FCC and the tariff regulations filed with the FCC pursuant to 47 U.S.C. §203 with regard to the use of interstate telephone companies and tariff regulations that have been implemented and have been violated.

4. This lawsuit further concerns egregious and abusive collection practices and is based on the federal statutes dealing with same that prohibit and forbid telephone communications in a manner reasonably expected to frighten, abuse, torment or harass consumers.

5. Defendant Bracken is an established and substantial law firm with a broad reach and, upon information and belief, engages nationally in the collection of funds for substantial financial institution clients and, thus, effects many members of the consuming public.

6. Title 47 U.S. Code §223 seeks further relief under the declaratory judgments Chapter 151 of Title 28, Judiciary and Judicial Procedure Part 4 Particular Proceedings; 28 USCS §2201 (2005) and in addition to that the foregoing pendant Common Law of the State of Alabama actions.

7. Plaintiffs further seek Federal Agency Administrative Enforcement of the FDCPA by federal agencies pursuant to those agencies being empowered under 15 U.S.C. §1692(l)(c) to enforce the FDCPA. In that regard, Plaintiffs seek this Court treat the FDCPA violations as violations of the Federal Trade Commission Act (hereinafter "FTC"). See *United States v. Utah Bureau of Collections, Inc.*, 15 FTC CT. December 4, 1985 (D. Utah 1981).

8. Plaintiffs further submit this Court treat the FDCPA violations as violations of the FTC Trade Regulation rule permitting the FTC to go further with a civil penalty of up to $10,000 for each knowing violation, 15 U.S.C. §45(m)(1)(A). See 823 F.2d 880 prior to that *United States v. Central Adjustment Bureau, Inc.*, 667 F.Supp 770 (Northen N.D. Texas 1986). *Aff'd per curium.*

**Jurisdiction**

9. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331 (federal question); §1332 (diversity); and §1367 (pendant and supplemental).

10. Venue is proper in that the Defendants transacted business in Tuscaloosa County, Alabama and Plaintiffs, who are husband and wife, reside in said county.

## Factual Allegations

11. The Plaintiff, Anthony Hudson, is over the age of twenty-one (21), is a citizen of the State of Alabama, and resides in Cottondale, Tuscaloosa County, Alabama.

12. The Plaintiff, Frosty K. Hudson, is over the age of twenty-one (21), is a citizen of the State of Alabama, and resides in Cottondale, Tuscaloosa County, Alabama.

13. Defendant Bracken, upon information and belief, is a legal corporation, is incorporated in the State of Georgia, is a sueable legal entity (and a law firm) and was, in all respects and at all times relevant herein, doing business in the State of Alabama.

14. Defendant Bracken is engaged in the business of collecting consumer debts from consumers nationally, including those residing in Tuscaloosa County, Alabama and is a "debt collector", as defined by the FDCPA 15 U.S.C. §1692a(6).

15. The Defendant, John Downs a/k/a "Asset Investigator Downs" (hereinafter referred to as "Defendant Downs"), is believed to be over the age of twenty-one (21), believed to be a citizen of the State of Georgia, residing in or around Atlanta, Georgia, and is a debt collector as defined under the FDCPA, 15 U.S.C. §1692a(6).

16. Defendants are "debt collectors" within the meaning of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. 1692a(6) and, thus, Plaintiffs and Defendants are subject to this Act.

17. Further, Defendants have embarked upon a series of harassing, threatening, abusive and intimidating telephone calls to Plaintiffs at all hours of the day and many days of the week, including holidays.

18. Defendants have telephone a next door neighbor of Plaintiffs, namely Rachel Flemming, wherein Defendant Downs, who was doing the calling, falsely state he was an attorney with Defendant Bracken.

19. Defendants also telephoned Plaintiff Anthony Hudson's mother, who is located at an entirely different phone number than Plaintiffs. Plaintiff Anthony Hudson's mother is disabled. Defendants' telephone calls terribly frightened and abused her.

20. Defendants' phone calls to Plaintiff Anthony Hudson's mother were made for the purpose of tormenting, harassing, frightening and abusing Plaintiffs.

21. Defendant Downs has also represented that he was an asset investigator on a phone call which was recorded. A transcript of that tape is attached as Exhibit A and made a part hereof as if more fully set forth herein.

22. Defendant Downs has spoken to Plaintiff Anthony Hudson on many prior occasions and has represented that he was an attorney with Defendant Bracken calling to see if Plaintiffs owed the debt.

23. Defendants have knowledge, and have had knowledge, at all times prior to the filing of this suit, and commencing to-wit September 2004, of the telephone numbers and address of Plaintiffs. The telephone number for Plaintiffs is 205-633-5142.

24. Plaintiffs aver that Defendants knew, and had knowledge of, the whereabouts of Plaintiff Anthony Hudson when they made telephone calls to third parties thus establishing conclusively that said calls were made for the purpose of harassing, abusing, threatening and frightening Plaintiffs.

25. Defendants have called repeatedly on an alleged debt and violated the FDCPA in connection with those calls.

26. Plaintiffs therefore claim for the violations of the federal statute FDCPA, 15 U.S.C. § 1691, *et seq.*, as well as violations of the Common Law of the State of Alabama, Invasions of the Right of Privacy and Breach of Fiduciary Trust.

27. It is further averred that the Common Law of the State of Alabama Invasion of Privacy has been violated.

28. Plaintiffs further seek a declaratory judgment in the Chapter 151 of Title 28. More specifically 28 USCS §2221, which provides, among other things, that in a case of actual conversations within its jurisdiction any court of the United State, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party whether or not further relief is or could be sought.

29. Plaintiffs aver that they will seek such relief and request this Honorable Court, upon the hearing and submission of evidence, issue a declaratory judgment forbidding and prohibiting Defendants to continue to practice implementing the use of telephone calls and using such telephone calls with the intent to "annoy, abuse threaten or harass" any person at the number called.

30. The Communication Act of 1934 provides fines of up to $50,000 to any caller making telephone calls with the intent to annoy, abuse, threaten or harass any person at the number called and for making repeated calls. Defendant Downs made such calls, including causing the telephone to ring repeatedly.

31. Plaintiffs aver that those calls were made as aforesaid and of recording transcript evidence of one of those calls is attached as Exhibit A. The recording was made <u>after</u> the calls to Plaintiffs' home.

32. The FCC requires tariff regulations under the Communication Act of 1934, which become binding, when approved by the FCC, on companies and their subscribers. Such tariff regulations prohibited the use of the telephone "in a manner reasonably expected to frighten, abuse, torment or harass another", *AT&T Tariff*, FCC numbers 159 and 263 (issued November 12, 1968, revised August 16, 1971); 47 U.S.C. §223(a).

33. Given the broad regulatory language that following types of telephone calls are illegal calls: a) calls at odd hours of the day and night, (b) repeated calls, (c) calls to friends, neighbors, relatives, children, employers and places of employment and d) threatening calls.

34. The policy on harassing or abusing telephone calls by debt collectors are expressly set out by the FCC in release number .70-609, 35 Fed. Reg. 9873 (June 16, 1970).

35. The Communications Act of 1934 provides for a fine of up to $15,000 to a caller for the following:

- Making a telephone call, without disclosing his or her identity, with intent to annoy, abuse, threaten, or harass any person at the number called;

- Causing the telephone of another to ring repeatedly, with intent to harass any person at the number called;

- Making repeated calls in which the ensuing conversation serves only to harass any person at the called number; and

- Knowingly permitting any telephone number under his or her control to be used for any of the above purposes.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiffs adopt the averments and allegations of paragraphs 1 through 35 hereinbefore as if fully set forth herein.

37. Defendants are engaged in the business of collecting consumer debt and regularly collect consumer debts. Accordingly, Defendants are "debt collectors" as defined in the FDCPA, 15 U.S.C. §1692(a)(6). Defendant Downs is an agent and employee of Defendant Bracken.

38. Defendants have engaged in acts and practices in violation of the FDCPA in collection activity with respect to Plaintiffs' alleged personal debt.

39. Defendants failed to send Plaintiffs a written notice containing the information required by 15 U.S.C. §1692g(a)(3), (4) and (5).

40. Plaintiffs requested that Defendants stop calling them and their neighbors and friends. After being notified, Defendants continued to repeatedly telephone the Plaintiffs' home regarding this debt. Said action was a direct violation of 15 U.S.C. §1692c(c).

41. Defendants also violated 15 U.S.C. §1692d(5) by repeatedly telephoning the Plaintiffs, and their neighbors and friends, with the intent to annoy, abuse or harass Plaintiffs in an effort to coerce them into paying a debt which Defendants knew Plaintiffs disputed and which Defendants knew was not theirs.

42. Defendants violated §1692c(a)(1) by contacting Plaintiffs at a time or place Defendants knew, or should have known, was inconvenient to Plaintiffs.

43. Defendants violated §1692c(c) by continuing to telephone the Plaintiffs, and their neighbors and friends, after receiving notice that Plaintiffs refused to pay the debt because it was not theirs or request that Defendants cease all further communications.

44. Defendants made false representations regarding the character, amount or legal status of the debt in violation of §1692e(2)(A).

45. Defendants made false representations of the services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in violation of §1692e(2)(B).

46. Defendants threatened to take action that could not legally be taken or which they did not intend to take in violation of §1692e(5).

47. Defendants failed to communicate that a disputed debt was disputed in violation of §1692e(8).

48. Defendants violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

49. Defendants violated §1692f(1) by collecting or attempting to collect an amount which was not authorized by the agreement creating the debt or permitted by law.

50. Defendants violated §1692g by failing to advise Plaintiffs the amount of the debt, failing to advise Plaintiffs the name of the creditor, failing to provide Plaintiffs notice they had 30 days to dispute the debt, by failing to provide Plaintiffs notice that if the debt was disputed, Defendants would obtain verification of the debt within 30 days and by failing to provide Plaintiffs notice that upon written request Defendants would provide initial creditor information to Plaintiffs.

51. In violation of 15 U.S.C. §1692g(b), after receiving notification from Plaintiffs the debt was disputed and was not theirs, Defendants failed to cease collection of the debt or any disputed portion thereof.

52. Plaintiffs informed Defendants on multiple occasions that the debt was not theirs. Thereafter, Defendants failed to send Plaintiffs a written notice containing the information required by 15 U.S.C. §1692g(a)(3), (4) and (5).

53. Defendants have engaged in collection activities and practices in violation of the FDCPA with respect to the Plaintiffs' alleged consumer debt.

54. Defendants violated §1692c(b) by communicating with a third party without the Plaintiffs' consent.

55. Defendants violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress or abuse the Plaintiffs in the following ways:

   1. By using language the natural consequence of which is to abuse the hearer in violation of §1692d(2).

   2. By repeatedly telephoning the Plaintiffs with the intent to annoy, abuse or harass the Plaintiffs in an effort to coerce them into paying a debt in violation of §1692d(5).

3. By failing to make meaningful, in this instance truthful, disclosure of the caller's full identity in violation of §1692d(6).

56. Defendants violated §1692e by making false and misleading representations to the Plaintiffs. At the time the Defendants made these representations to the Plaintiffs, the Defendants knew, or should have known, that said representations were false. Said representations made by Defendants were made recklessly, willfully and/or intentionally.

57. Defendants attempted regularly to collect monies from Plaintiffs using unlawful collection practices including harassing and abusing Plaintiffs by communications threatening foreclosure, orally and written, and by attempting to collect amounts not legally owed.

58. As a proximate result of Defendants' actions, Plaintiffs were caused to suffer actual damages for worry, humiliation, fear, loss of sleep, anxiety, physical sickness, physical pain and mental anguish.

59. As a result of Defendants' violations of the FDCPA, Plaintiffs are entitled to an award of statutory damages, actual damages, costs and attorney's fees.

60. Plaintiffs claim damages including pecuniary losses actual damages and other items of damages caused as a result of Defendant's violations. Actual damages include physical pain, mental anguish, mental pain, emotional pain and anguish. Plaintiffs also claim compensatory and punitive damages, attorney's fees and costs, for failure to comply with the provisions of the FDCPA 15 U.S.C. §1692k(a)(1).

## COUNT TWO
## VIOLATIONS OF THE
## COMMUNICATIONS ACT OF 1934

61. Plaintiffs adopt the averments and allegations of paragraphs 1 through 60 hereinbefore as if fully set forth herein.

62. The Communication Act of 1934 provides fines of up to $50,000 to any caller making telephone calls with the intent to annoy, abuse, threaten or harass any

person at the number called and for making repeated calls. Defendant Downs made such calls, including causing the telephone to ring repeatedly.

63. The Communication Act of 1934 also includes tariff regulatory schemes and further provides enforcement by the Federal Communications Commission (hereinafter "FCC") and Plaintiffs seek damages equal to the amount provided for the criminal offenses described hereinbefore.

64. Plaintiffs further seek a declaratory judgment in the Chapter 151 of Title 28. More specifically 28 USCS §2221, which provides, among other things, that in a case of actual conversations within its jurisdiction any court of the United State, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party whether or not further relief is or could be sought.

65. Plaintiffs aver that they will seek such relief and request this Honorable Court, upon the hearing and submission of evidence, issue a declaratory judgment forbidding and prohibiting Defendants to continue to practice implementing the use of telephone calls and using such telephone calls with the intent to "annoy, abuse threaten or harass" any person at the number called.

66. The Communication Act of 1934 provides fines of up to $50,000 to any caller making telephone calls with the intent to annoy, abuse, threaten or harass any person at the number called and for making repeated calls. Defendant Downs made such calls, including causing the telephone to ring repeatedly.

67. Plaintiffs aver that those calls were made as aforesaid and of recording transcript evidence of one of those calls is attached as Exhibit A. The recording was made <u>after</u> the calls to Plaintiffs' home.

## COUNT THREE
## INVASION OF THE RIGHT OF PRIVACY

68. Plaintiffs adopt the averments and allegations of paragraphs 1 through 67 hereinbefore as if fully set forth herein.

69. Plaintiffs further seek actual damages for Defendants' violations of the

Communication Act of 1934, 47 U.S.C. §223, as one of the measures of damages.

70. Defendants undertook and/or directed a series of communications to the home and to neighbors and friends of Plaintiffs constituting an invasion of privacy, as set out and described in the Common Law of the State of Alabama. Said communications were systematic and continuous in number and made in disregard for Plaintiffs' right to privacy after repeated requests that the Defendants no longer contact them. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiffs into paying a debt they did not owe.

71. Said invasions were intentional, willful, malicious and violated the Plaintiffs' privacy. Plaintiffs aver that the communications were made by various individuals who were the employees of and acting on behalf of the named Defendant.

72. Plaintiffs repeatedly and continuously denied responsibility for the debt and requested that Defendants stop communicating with the Plaintiffs. Plaintiffs further advised Defendants that the account was not theirs. Defendants refused. The continued communications to the Plaintiffs' home, and to neighbors and friends, created emotional distress, fright, physical illness and pain and mental anguish. Defendants refused to cease communicating directly with the Plaintiffs.

73. Said communications constitute the wrongful intrusion into the Plaintiffs' private activities, as well as an intentional intrusion into their solitude and seclusion.

74. As a proximate consequence of said invasion of the right of privacy, Defendants have caused the Plaintiffs to suffer worry, fright, humiliation, loss of sleep, anxiety, nervousness, physical pain and sickness and mental anguish.

75. Defendants continued to refuse to correct their records and continued to communicate by telephone threats regularly and repeatedly.

76. Plaintiffs' claim actual damages and other items of damages caused as a result of Defendants' violations. Actual damages include physical pain, mental

anguish, mental pain, emotional pain and anguish. Plaintiffs also claim compensatory and punitive damages, attorney's fees and costs.

## COUNT FOUR
## RECKLESS AND WANTON TRAINING AND SUPERVISION

77. Plaintiffs adopt the averments and allegations of paragraphs 1 through 76 hereinbefore as if fully set forth herein.

78. Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiffs.

79. Defendants knew or should have known that said conduct was improper.

80. Defendants recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

81. Defendants recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

82. As a result of the Defendants' recklessness and wantonness, Plaintiffs suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain and anguish.

## COUNT FIVE
## DEFAMATION, LIBEL AND SLANDER

83. Plaintiffs adopt the averments and allegations of paragraphs 1 through 82 hereinbefore as if fully set forth herein.

84. On information and belief, Defendants communicated to third parties, false information concerning the Plaintiffs imputing false and misleading information concerning Plaintiffs.

85. At the time said communications were made, Defendants knew, or should have known, the falsity of the communication or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully and maliciously

communicated the falsity.

86. As a result of the intentional communications to third parties of the false information, the Plaintiffs were caused to suffer injury to their reputation in the eyes of their community and the public, and/or was subjected to ridicule.

87. As a proximate consequence of those communications, Plaintiffs suffered actual damages including but not limited to damages to their credit reputation.

88. Plaintiffs further aver the activities were willful and intentional and caused physical and emotional damages including embarrassment, humiliation, anger, worry and physical harm.

89. Plaintiffs claim damages including pecuniary losses for actual damages and other items of damages caused as a result of Defendants' violations. Actual damages include physical pain, mental anguish, mental pain, emotional pain and anguish. Plaintiffs also claim compensatory and punitive damages.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand, separately and severally, a judgment against each Defendant for the following:

1. Declaratory judgment the Defendants' conduct violated the FDCPA;
2. Actual damages for violation of the FDCPA;
3. Statutory damages pursuant to 15 U.S.C. §1692k;
4. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k;
5. Compensatory damages in the amount of $500,000 on Plaintiffs' claim for damages due to the Defendant's invasion of privacy and negligent training of employees;
6. Compensatory damages and punitive damages in the amount a jury awards on Plaintiffs' claims;
7. An adjudication under Title 47 US Code §223;
8. A declaratory judgment according to Chapter 151 of Title 28, Judiciary and Judicial Procedure Part 4 Particular Proceedings; and
9. For such other and further relief as the Court may deem just and proper.

*PLAINTIFFS DEMAND JURY TRIAL.*

Respectfully submitted,

/s/ Jerry O. Lorant
Jerry O. Lorant
401 Office Park Drive
Birmingham, AL 35223
Phone: (205) 871-7551
Fax: (205) 871-8882
E-mail: charlie@lorantlaw.com
ASB-8235-N60J

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AT:**
Mann-Bracken, LLC
2727 Paces Ferry Road
Suite 1400
Atlanta, Georgia 30339

John Downs a/k/a "Asset Investigator Downs"
c/o Mann-Bracken, LLC
2727 Paces Ferry Road
Suite 1400
Atlanta, Georgia 30339